LASHBROOK v. ELDRIDGE ET AL.

1. **Pleading**: OFFER TO REPAY TAXES. Where in an action to quiet title the plaintiff in his petition offers to repay whatever taxes have been paid on the land by the defendant, he cannot on the trial insist that the payment of such taxes was voluntary, and that the defendant is not entitled to recover therefor.

*Appeal from Black Hawk Circuit Court.*

THURSDAY, DECEMBER 16.

ACTION in chancery to quiet the title to certain lands, and recover possession thereof. Defendants among other defenses set up a claim for improvements made by them and their grantors upon the lands. By the decree of the court defendants' claim for improvements were set off against plaintiff's

claim for the rents and profits, the court holding that the claims of the respective parties were equal. Defendants appeal.

*M. E. Billings & Co.*, for appellants.

*Gray, Dougherty & Gibson* and *Smalley & Smalley*, for appellee.

BECK, J.—The present plaintiff and another commenced the action. The petition shows that the plaintiffs therein named, Geo. L. and Richard A. Lashbrook, are brothers, and the last named is a minor and is represented in the action by his next friend; that they are the owners in fee simple of the land in controversy; that defendants claim title under a deed purporting to have been executed by both of the plaintiffs when they were minors, one aged seven, the other eleven, years; that the deed was without consideration, and each of the plaintiffs have disaffirmed it, and that defendant also claims title under a tax sale and deed. Plaintiffs show that they have the right to redeem therefrom, and offer to pay whatever sum is required to make redemption from the tax sale.

A settlement of the case as to Richard A. was made, and it was thenceforward prosecuted in the name of, and for the benefit of, the other plaintiff. The defendant set up a claim for the improvements, and plaintiff claimed to recover for rents and profits. By a stipulation between the parties it was admitted that plaintiffs were minors when the deed was executed; that it was without consideration, and that they had never ratified it, but on the contrary had disaffirmed it. By this stipulation defendants in effect abandoned all claim to the land under the deed executed by plaintiffs. The only matters left for determination related to the claim of defendants for improvements made upon the lands, and plaintiff's claim for rents and profits, and the sum which plaintiff should

pay to redeem his interest from the tax sale. The court found, and so decreed, that plaintiff should pay $271.70, to redeem his interest in the land from tax sale; that upon the payment of this sum the title should be quieted in plaintiff, and that defendant should pay his own costs for witnesses, and plaintiff should pay all other costs. "No judgment was rendered in favor of defendants for improvements, nor in favor of plaintiffs for rents or profits, these claims of the respective parties being considered by the court as balancing. The defendants alone appeal.

II. As the plaintiff does not appeal he cannot object to the court's judgment requiring the payment of $271.70, to redeem from the tax sale. He offers in his pleading to pay the sum ascertained by the court. Not having appealed he cannot question the correctness of the sum fixed by the court. Nor can he for the same reason, assail the assessment of costs as made by the court.

III. The questions before us relate to the decision of the court upon defendants' claim for improvements. These are raised by defendants upon their appeal. They insist that the decree of the court is in conflict with the evidence, and that defendants' claim for improvements as shown by the proof exceeds by two or three hundred dollars plaintiff's claim for rents or profits.

We have carefully considered the testimony before us, and conclude that the decree of the court below upon this point of the case is correct. The testimony as to the value of the improvements and rents and profits is conflicting. By taking the average of the values, as fixed by all the witnesses, the improvements are shown to be worth near a hundred dollars more than the rents and profits. But by considering the testimony as a whole, we are inclined to think that the value of the rents as fixed by defendants' witnesses is too low. By adding a little to the value as fixed by them, and without adopting the value fixed by plaintiff's witness, the rents would equal the value of the improvements as claimed by defendants.

Lashbrook v. Eldridge.

We are satisfied that the conclusion of the court below, as to the respective values of the improvements and rents, is substantially correct.

IV. Plaintiff insists that defendants cannot recover for improvements, for the reason that they did not enter into possession of the land in good faith, and under color of title. But plaintiff by a stipulation has precluded himself from urging this objection. He agrees therein that defendants' claim for improvements is properly pleaded, and that the amount to which he is entitled thereon shall be determined by the court. This is surely an abandonment of the objection to defendants' recovery on the ground now urged by plaintiff.

V. Plaintiff also insists that defendants cannot recover in this action for taxes, for the reason that they were volun-

1. PLEADING: offer to repay taxes.

tarily paid by them. But plaintiff in his petition offers to pay defendants whatever sum may be found due them on account of the purchase at tax sale, and the payments of taxes, in order to redeem from the tax sale. In his petition he admits that he is bound to pay these taxes to defendants; the right of redemption on account of his minority he alone relies on to defeat the tax title. He cannot at the trial of the case deny his offer to pay in his petition.

The judgment of the Circuit Court must be

AFFIRMED.